2013 OK 90

**STATE of Oklahoma ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,**

v.

**Roy Marion Lewis CALVERT, Respondent.**

SCBD No. 6052.

Supreme Court of Oklahoma.

Oct. 28, 2013.

## ORDER APPROVING RESIGNATION FROM OKLAHOMA BAR ASSOCIATION PENDING DISCIPLINARY PROCEEDINGS

¶ 1 Before this Court is an affidavit filed by Roy Marion Lewis Calvert (Respondent) pursuant to Rule 8.1 of the Rules Governing Disciplinary Proceedings (RGDP),[1] requesting that he be allowed to resign his membership in the Oklahoma Bar Association (OBA) and relinquish his right to practice law. Also filed with this Court is the OBA's application seeking an order approving Respondent's resignation pending disciplinary proceedings. The application and accompanying affidavit reflect the following:

a. Respondent's affidavit indicates that it was freely and voluntarily rendered, he was not subject to coercion or duress, and he was fully aware of the consequences of submitting his resignation.

b. Respondent recognizes that, pursuant to RGDP Rule 8.2, the Supreme Court of Oklahoma has the discretion to approve or disapprove of this resignation.[2] However, Respondent agrees to conduct himself as if the resignation were immediate, and he has surrendered his membership card to the OBA.

c. Respondent admits to the following ongoing grievance investigation being conducted by the OBA: DC 13–050, relating to charges of the felony of possession of child pornography (21 O.S.2011 § 1024.2) in *State v. Roy Marion Lewis Calvert,* Stephens County District Court Case No. CF–2012–376.

d. Respondent concedes that the allegations, if proven, would constitute violations of Rule 8.4(b) of the Oklahoma Rules of Professional Conduct (ORPC),[3] RGDP Rule 1.3,[4] and his oath as an attorney.

e. Respondent is aware that the burden of proof rests upon the OBA, but he waives any and all right to contest the allegations.

f. Respondent states that he has familiarized himself with the provisions of RGDP Rule 9.1, and agrees to comply with all provisions of Rule 9.1 within twenty (20) days following approval of his tendered resignation.[5]

g. Respondent agrees that he may be reinstated to the practice of law only upon full compliance with the conditions and procedures prescribed by RGDP Rule 11, and may make no application for reinstate-

---

1. 5 O.S.2011, ch. 1, app. 1–A.

2. *Id.*

3. 5 O.S.2011, ch. 1, app. 3–A (committing criminal acts).

4. 5 O.S.2011, ch. 1, app. 1–A (committing acts contrary to the prescribed standard of conduct).

5. *Id.*

ment prior to the expiration of five (5) years from the effective date of this order.[6]

h. Respondent acknowledges that the Client Security Fund may receive claims from his former clients as a result of his conduct. Respondent agrees to reimburse the OBA for any such claims, prior to filing an application for reinstatement, including the principle amounts and the applicable statutory interest expended.

i. Respondent agrees to cooperate with the OBA to identify any active cases wherein documents and files need to be returned or forwarded to new counsel, and in any client case in which fees or refunds are owed by him.

j. The OBA has not incurred any costs in the investigation of these matters.

k. Respondent's official roster address, as shown by the OBA, is: Roy Marion Lewis Calvert, 3115 Scissortail Drive, Duncan, OK 73533. Respondent's bar number, as shown by his OBA membership card, is: 10754.

¶2 IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that the voluntary resignation of Roy Marion Lewis Calvert pending disciplinary proceedings is in compliance with the requirements of RGDP Rule 8.1 and should be approved, and shall be effective upon the filing of this order in the Office of the Clerk of the Oklahoma Supreme Court pursuant to RGDP Rule 8.2.

¶3 IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Respondent's name be stricken from the Roll of Attorneys. Because resignation pending disciplinary proceedings is tantamount to disbarment, the Respondent may not make application for reinstatement prior to the expiration of five (5) years from the date of this order pursuant to RGDP Rules 8.2 and 11.1.

¶4 IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Respondent shall comply with RGDP Rule 9.1 by notifying each of his clients having pending legal business of the need to promptly retain new legal counsel; filing a formal withdrawal from all cases pending before any tribunal;

and submitting the required affidavits attesting to compliance with Rule 9.1, together with a list of all clients notified and a list of any court or administrative body in which the attorney was admitted to practice.

¶5 IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that repayment of any sums expended from the Client Security Fund for monies paid to former clients of Respondent shall be a condition satisfied prior to any future reinstatement.

¶6 IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that any costs associated with the OBA's investigation and this proceeding are waived by agreement of Respondent and the OBA.

¶7 DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE this 28th day of October, 2013.

ALL JUSTICES CONCUR.